Bᴇɴɴᴇᴛ D. Zᴜʀᴏғsᴋʏ, Aᴛᴛᴏʀɴᴇʏ ᴀᴛ Lᴀᴡ
17 Academy Street – Suite 1201
Newark, New Jersey 07102
Phone: 973-642-0885
Fax: 973-642-0946
E-mail: bzurofsky@zurofskylaw.com
*Attorneys for Plaintiffs*

Mɪᴄʜᴀᴇʟ Fᴀɪʟʟᴀᴄᴇ & Assᴏᴄɪᴀᴛᴇs, P.C.
Michael Faillace, Esq.
60 East 42nd Street, Suite 2540
New York, New York 10165
Phone: 212-317-1200
Fax:    212-317-1620
E-mail: michael@faillacelaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------X

CLEMENTE LOPEZ, FEDERICO MORAN,
JUVENAL CARLOS GONZALEZ MORAN
and TEODULO GONZALEZ *individually and
on behalf of others similarly situated,*

                       *Plaintiff,*

        -against-

SPA RESTAURANT A & T
KONTOGIANNIS CORP., (d/b/a SPA
RESTAURANT), TAXIARHIS
KONTOGIANNIS, and ATHENA
KONTOGIANNIS

                    *Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. §
216(b)**

**ECF Case**

       Plaintiffs Clemente Lopez, Federico Moran, Juvenal Carlos Gonzalez Moran and

Teodulo Gonzalez, individually and on behalf of others similarly situated (hereinafter

"Plaintiffs"), by and through their attorneys, Bennet D. Zurofsky, Attorney At Law and Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Defendants Spa

Restaurant A & T Kontogiannis Corp., (d/b/a Spa Restaurant), ("Defendant Corporation"),

Taxiarhis Kontogiannis and Athena Kontogiannis (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of Defendants Spa Restaurant A & T Kontogiannis Corp., Taxiarhis Kontogiannis, and Athena Kontogiannis.

2.      Defendants owned, operated and controlled a diner located at 74 Hudson Street, Hoboken, New Jersey 07030 under the name "Spa Restaurant".

3.      Upon information and belief, Individual Defendants Taxiarhis Kontogiannis, and Athena Kontogiannis serve or served as owners, managers, principals or agents of Spa Restaurant A & T Kontogiannis Corp., and upon information and belief, through the corporate entity operated or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were primarily employed to work as cooks, dishwashers, food preparer, porter, and waiter.

5.      Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked each week.

6.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

7.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

8.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA).

9.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

11.     Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New Jersey within this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operated a diner located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

12.     Plaintiff Clemente Lopez ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in New York County, New York.

13.     Plaintiff Lopez was employed by Defendants from approximately 1993 until on or about April 11, 2015.

14.     Plaintiff Lopez consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

15.     Plaintiff Federico Moran ("Plaintiff Moran" or "Mr. Moran") is an adult individual residing in Jersey City, New Jersey.

16.     Plaintiff Moran was employed by Defendants from approximately July 1990 until on or about April 11, 2015.

17.     Plaintiff Moran consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

18.     Plaintiff Juvenal Carlos Gonzalez Moran ("Plaintiff Juvenal" or "Mr. Juvenal") is an adult individual residing in Jersey City, New Jersey.

19.     Plaintiff Juvenal was employed by Defendants from approximately 2005 until on or about April 11, 2015.

20.     Plaintiff Juvenal consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

21.     Plaintiff Teodulo Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Jersey City, New Jersey.

22.     Plaintiff Gonzalez was employed by Defendants from approximately 1986 until on or about April 11, 2015.

23.     Plaintiff Gonzalez consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendants*

24.     Defendants owned, operated and controlled a diner located at 74 Hudson Street, Hoboken, New Jersey 07030 under the name "Spa Restaurant" at all times relevant to this complaint.

25.     Defendant Spa Restaurant A & T Kontogiannis Corp. is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintained an office located at 74 Hudson Street, Hoboken, New Jersey 07030.

26.     Defendant Taxiarhis Kontogiannis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Taxiarhis Kontogiannis is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Taxiarhis Kontogiannis possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Taxiarhis Kontogiannis determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant Athena Kontogiannis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Athena Kontogiannis is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Athena Kontogiannis possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions

of Defendant Corporation. Defendant Athena Kontogiannis determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operated a restaurant at 74 Hudson Street, Hoboken, New Jersey 07030 under the name Spa Restaurant.

29.     Defendants maintain as their principal place of business a centralized office at 74 Hudson Street, Hoboken, New Jersey 07030.

30.     Individual Defendants Taxiarhis Kontogiannis and Athena Kontogiannis, possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Defendants possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Therefore, for the above and other reasons, Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*.

34.     In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Defendants Taxiarhis Kontogiannis and Athena Kontogiannis operated Spa Restaurant A & T Kontogiannis Corp., as an alter ego of themselves, and/or fail to operate Spa Restaurant A & T Kontogiannis Corp. as an entity legally separate and apart from their own selves, by, amongst other things,

(a) failing to adhere to the corporate formalities necessary to operated Spa Restaurant A & T Kontogiannis Corp. as a corporation;

(b) defectively forming or maintaining the corporate entity of Spa Restaurant A & T Kontogiannis Corp., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Spa Restaurant A & T Kontogiannis Corp., for their own benefit as the sole or majority members,

(e) operating Spa Restaurant A & T Kontogiannis Corp., for their own benefit and maintaining control over it as a closed corporation;

(f) intermingling assets and debts of their owned with those of Spa Restaurant A & T Kontogiannis Corp.;

(g) diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2014 to 2015, Defendants had gross annual sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous supplies and materials that were used in the restaurant on a daily basis were produced outside of the State of New Jersey.

*Plaintiffs*

*Plaintiff Clemente Lopez*

39.     Plaintiff Lopez was employed by Defendants as a cook from approximately 1993 until on or about April 11, 2015.

40.     Plaintiff Lopez's work duties required neither discretion nor independent judgment.

41.     In the performance of his work duties, Plaintiff Lopez handled goods that traveled in interstate commerce every day, including but not limited to the food that he cooked regularly.

42.     Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

43.     From approximately February 2014 until on or about April 11, 2015, Plaintiff Lopez worked from approximately 8:00 a.m. until on or about 6:00 p.m. Wednesdays to Mondays (typically 60 hours per week).

44.     From approximately February 2014 until on or about April 11, 2015, defendants paid Plaintiff Lopez a fixed weekly salary of $800.00 in cash.

45.     Throughout his employment, Defendants never granted Plaintiff Lopez any meal break or rest period at any kind during his work hours.

46.     Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

47.     Defendants did not provide Plaintiff Lopez with any document or other statement that accurately accounted for Mr. Lopez's actual hours worked, and set forth by day any deductions or credits taken against his wages.

*Plaintiff Federico Moran*

48.     Plaintiff Moran was employed by Defendants as a dishwasher from approximately July 1990 until on or about April 11, 2015.

49.     Plaintiff Moran's work duties required neither discretion nor independent judgment.

50.     In the performance of his work duties, Plaintiff Moran handled goods that traveled in interstate commerce every day, including but not limited to the dishwashing fluids that he used regularly in the washing of dishes.

51.     Throughout his employment with Defendants, Plaintiff Moran regularly worked in excess of 40 hours per week.

52.     From approximately February 2014 until on or about April 11, 2015, Plaintiff Moran worked from approximately 8:00 a.m. until on or about 6:30 p.m. Mondays, Tuesdays, Thursdays, Fridays, Saturdays, and Sundays (typically 63 hours per week).

53.     From approximately February 2014 until on or about April 11, 2015, defendants paid Plaintiff Moran a fixed weekly salary of $480.00 in cash.

54.     Plaintiff Moran's salary did not vary regardless of how many additional hours he worked in a week.

55.     For example, Defendants regularly required Plaintiff Moran to work 30 minutes past his regular departure time waiting for the next shift to arrive, without paying him any additional compensation.

56.     Throughout his employment, Defendants never granted Plaintiff Moran any meal break or rest period at any kind during his work hours.

57.     Plaintiff Moran was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

58.     Defendants did not provide Plaintiff Moran with any document or other statement that accurately accounted for Mr. Moran's actual hours worked, and set forth by day any deductions or credits taken against his wages.

### Plaintiff Juvenal Carlos Gonzalez Moran

59.     Plaintiff Juvenal was employed by Defendants as a waiter, dishwasher, food preparer, cook and porter from approximately 2005 until on or about April 11, 2015.

60.     Plaintiff Juvenal's work duties required neither discretion nor independent judgment.

61.     In the performance of his work duties, Plaintiff Juvenal handled goods that traveled in interstate commerce every day, including but not limited to food produced outside the State of New Jersey.

62.     Throughout his employment with Defendants, Plaintiff Juvenal regularly worked in excess of 40 hours per week.

63.     From approximately February 2014 until on or about April 11, 2015, Plaintiff Juvenal worked from approximately 7:00 p.m. until on or about 6:00 a.m. four days a week and from approximately 7:00 p.m. until on or about 7:00 a.m. two days a week (typically 68 hours per week).

64.     From approximately February 2014 until on or about April 11, 2015, defendants paid Plaintiff Juvenal a fixed salary of $600.00 per week in cash.

65.     Plaintiff Juvenal's salary did not vary regardless of how many additional hours he worked in a week.

66.     For example, Defendants required Plaintiff Juvenal to work one hour past his regular departure time at least two nights a week, without paying him any additional compensation.

67.     Throughout his employment, Defendants never granted Plaintiff Juvenal any meal break or rest period at any kind during his work hours.

68.     Plaintiff Juvenal was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

69.     Defendants did not provide Plaintiff Juvenal with any document or other statement that accurately accounted for his actual hours worked, and set forth by day any deductions or credits taken against his wages.

*Plaintiff Teodulo Gonzalez*

70.     Plaintiff Gonzalez was employed by Defendants as a cook/grillman from approximately 1986 until on or about April 11, 2015.

71.     Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

72.     In the performance of his work duties, Plaintiff Gonzalez handled goods that traveled in interstate commerce every day, including but not limited to food produced outside the State of New Jersey.

73.     Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

74.     From approximately February 2014 until on or about April 11, 2015, Plaintiff Gonzalez worked from approximately 8:00 p.m. until on or about 6:00 a.m. Mondays through Saturdays (typically 60 hours per week).

75.     From approximately February 2014 until on or about April 11 2015, defendants paid Plaintiff Gonzalez a fixed salary of $900 per week in cash.

76.     In addition, defendants borrowed the sum of $8,000 from Plaintiff Gonzalez and have refused to pay any part of the loan back to him.

77.     Throughout his employment, Defendants never granted Plaintiff Gonzalez any meal break or rest period at any kind during his work hours.

78.     Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

79.     Defendants did not provide Plaintiff Gonzalez with any document or other statement that accurately accounted for Mr. Moran's actual hours worked, and set forth by day any deductions or credits taken against his wages.

*Defendants' General Employment Practices*

80.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper regular rate of pay and/or overtime wages.

81.     Defendants' pay practices resulted in Plaintiffs (and all similarly situated individuals) not receiving payment for all of their hours worked, so their effective rate of pay was reduced below the minimum wage.

82.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act by neglecting to maintain accurate and complete timesheets and payroll records.

83.     Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, and (2) for overtime due.

84.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

85.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after

the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

86.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage, overtime at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

87.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

88.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

90.    Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

91.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93. Defendants intentionally, or otherwise, failed to pay Plaintiffs (and the putative FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94. Defendants' failure to pay Plaintiffs (and the putative FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

96. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiffs (and the putative FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

98. Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

99. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(i)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

(j)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 16, 2017

BENNET D. ZUROFSKY, ATTORNEY AT LAW

By:     /s/ Bennet D. Zurofsky

Bennet D. Zurofsky
17 Academy Street – Suite 1201
Newark, New Jersey 07102
Phone: 973-642-0885
Fax:     973-642-0946
E-mail: bzurofsky@zurofskylaw.com
*Attorneys for Plaintiffs*

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq.
60 East 42nd Street, Suite 2540
New York, New York 10165
Phone: 212-317-1200
Fax:     212-317-1620
E-mail: michael@faillacelaw.com

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 14, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Clemente Lopez

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                         _Clemente Lopez_

Date / Fecha:                               14 de febrero de 2017

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

February 14, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            <u>Federico Bonifacio Gonzalez-Moran</u>

Legal Representative / Abogado:   <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:            _____

Date / Fecha:                <u>14 de febrero de 2017</u>

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 14, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Juvenal Carlos Gonzalez Moran

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           14 de febrero de 2017

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

February 14, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Teodulo L. Gonzalez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           14 de febrero de 2017