# SETTLEMENT AGREEMENT

This Settlement and Release Agreement ("Agreement") is made and entered into by and between **Clemente Lopez** ("Lopez"), **Federico Moran** ("Moran"), **Juvenal Carlos Gonzalez Moran** ("Gonzalez Moran"), **Teodulo Gonzalez** ("Gonzalez" and collectively with Lopez, Moran, and Gonzalez Moran, "Plaintiffs") and **Spa Restaurant A & T Kontogiannis Corp. d/b/a Spa Restaurant** ("Spa Restaurant"), **Taxiarhis Kontogiannis**, and **Athina Kontogiannis** ("Defendants" or "Spa Restaurant"); collectively, the "Parties."

WHEREAS, the Parties are engaged in litigation concerning Plaintiffs' rights to unpaid minimum wage and unpaid overtime, and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") in United States District Court for the District of New Jersey, Civil Action No. 2:17-cv-01219-MCA-LDW (the "Litigation").

WHEREAS, Plaintiffs are represented by Bennet D. Zurofsky, Attorney at Law, and Michael Faillace & Associates, P.C. ("Plaintiffs' Counsel") and Defendants are represented by Florio, Perrucci, Steinhardt & Fader, LLC ("Defendants' Counsel").

WHEREAS, the parties hereto, to avoid the expense of further litigation, desire to resolve these disputes.

WHEREAS, in consideration of Plaintiffs' signing this Agreement and releasing Defendants from claims asserted in the Litigation, Defendants will provide Plaintiffs with the Settlement Payment set forth below; and

NOW THEREFORE, intending to be legally bound, knowingly and voluntarily, and in consideration of the promises and payments described in this Agreement, the Parties hereby agree as follows:

1. Settlement Payment.

(a) In consideration for the promises made by Plaintiffs set forth in the Agreement, Defendants promise to pay Plaintiffs the total sum of Ninety-Five Thousand Dollars ($95,000) (the "Settlement Payment"). Determination of the Plaintiffs' share, counsel fees, and costs is the responsibility solely of the Plaintiffs and their counsel. Defendants shall issue a Form 1099 MISC to Michael Faillace & Associates, P.C. Plaintiffs' counsel will issue all necessary Forms 1099 MISC's to the Plaintiffs.

(b) The Settlement Payment shall be made no later than the 30th day following Court approval of the fully executed Agreement; provided, however, that if that day is a Saturday or Sunday, delivery shall on occur on the immediate following business day. The Settlement Payment shall be paid in a lump sum manner to Plaintiffs' counsel by check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs."

2. <u>Release</u>.

(a)     As used in this Agreement, the term "Releasees" shall include Defendants and their successors, predecessors, subsidiaries, parents, affiliates, employees, agents, shareholders, partners, owners, representatives, attorneys, insurers, re-insurers, assigns, managing directors, officers, board members, and directors, in their individual and/or representative capacities, past and present, individually and collectively.

(b)     In consideration of the Settlement Payment, Plaintiffs hereby release and forever discharge Defendants and the Releasees from unpaid minimum wages and overtime, claims for monies owed, and other claims arising under the FLSA up to the date of this Agreement.

(c)     Additionally, in consideration for the Settlement Payment, Plaintiffs hereby release and forever discharge Defendants and the Releasees from any and all actions, causes of action, suits, charges, complaints, claims, liabilities, agreements, controversies, damages, and expenses (including attorneys' fees and costs), and all other claims of any nature whatsoever, known or unknown, in law or in equity relating to the claims raised in the Litigation as of the date of execution of this Agreement. Specifically, this release includes, but is not limited to, any claims arising out of Plaintiffs' relationship with the Defendants or any other reasons which were asserted or could have been asserted by them under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, <u>et seq.</u> ("WHL"); and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, <u>et seq.</u> ("WPL"). Plaintiffs expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs expressly accept and assume the risk of such unknown or underestimated losses or claims and acknowledge and agree that the benefits to be provided to them pursuant to this Agreement fully compensate them for such risks.

(d)     The Defendants also release and forever discharge Plaintiffs as to any and all claims, cross-claims and counterclaims which were asserted or that could have been asserted in this Litigation.

(e)     Plaintiffs expressly acknowledge and agree that:

i.     Plaintiffs have been advised and are hereby advised in writing by this Agreement to consult with an attorney before signing this Agreement and have, in fact, consulted with Bennet D. Zurofsky, Attorney at Law, and Michael Faillace & Associates, P.C., counsel to Plaintiff.

ii.     Plaintiffs understand that Plaintiffs may revoke this Agreement in its entirety during the seven (7) days following Court Approval of the Agreement. Plaintiffs understand that any revocation of this Agreement must be in writing and hand delivered to the Defendants during the revocation period. This Agreement will become effective and enforceable seven days following Court approval of the Agreement.

3.  Dismissal of Pending Lawsuits.

Within thirty (30) days of Court approval of this Settlement and Release Agreement by all Parties, Plaintiffs shall file a Stipulation of Dismissal with prejudice to Defendants as set forth in "Exhibit A", attached hereto.

4.  No Admission of Liability.

The execution of this Agreement and the settlement made hereunder shall not be construed as an admission of liability by any party in the litigation matter referenced in this Agreement, such liability being expressly denied. Each party is responsible for their own respective attorneys' fees, expert witness fees and costs, and the Plaintiffs understand that attorneys' fees, expert witness fees and costs are encompassed in the settlement payment specified in Paragraph One above and the Plaintiffs and their legal counsel waive their right to seek any attorneys' fees, expert witness fess, and costs.

5.  Confidentiality.

Plaintiffs, the Defendants and respective counsel agree that the existence and the terms and conditions of this Agreement shall remain confidential insofar as permitted by law. Nothing herein shall be construed to prevent Plaintiffs from discussing the existence or terms and conditions of this Agreement with: (i) Plaintiffs' family members, who shall be instructed that the existence and the terms and conditions of this Agreement are confidential; (ii) Plaintiffs' financial and legal advisors, as necessary to seek professional services and/or advice; or (iii) any persons as required by compulsory legal process. The Parties agree to not actively discuss the existence or terms and conditions of this Agreement with third parties. Additionally, the Parties agree not to actively publish information about the existence or terms and conditions of this Agreement. This prohibition shall include, but shall not be limited to, verbal communications, e-mail or text message communications, writing a letter to the editor of any publication, posting of any comments or communication on any website, weblog, or "blog" on-line Internet forum, or in any chat room including but not limited to any social media outlets such as Facebook, Twitter, SnapChat, Instagram, Google+, etc. The Parties agree that if contacted by any third party, including any member of the press or media or the general public, the only statement which will be made is, "No Comment" or "The matter has been resolved." Notwithstanding the above, the Parties acknowledge that, to the extent required to achieve dismissal of the Lawsuit, the Parties may disclose the existence and terms of the Agreement to the Court, and via public filing on the Court's ECF system, as may be required by the Court to terminate the lawsuit.

6.  Non-Disparagement.

The Parties agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Defendants, their employees,

directors, and officers. The Parties further agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of Plaintiffs. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, investors, potential investors, any board of directors or advisory board or directors, industry analysts, competitors, strategic partners, vendors, employees (past and present), clients, employers, etc. with respect to the Plaintiffs and/or the Defendants. The Parties understand and agree that this Paragraph Six is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that each Party would be irreparably harmed by violation of this provision.

7. <u>Miscellaneous</u>.

(a) This Agreement supersedes all prior written and oral negotiations, agreements, discussions, proposals and offer letters, and sets forth the entire understanding and agreement among the Parties.

(b) This Agreement shall be interpreted and enforced under the laws of the State of New Jersey. Should this Agreement be in conflict with any federal, state or local laws, this Agreement will be considered amended or revised to the extent necessary in order to conform with the law.

(c) The parties agree that each provision of this Agreement is severable and further agree that if any part or term of this Agreement is later held to be illegal, unenforceable or ineffective, the validity of the remaining provisions shall not be affected and the other obligations will be enforced as if the Agreement did not contain the part or term held to be invalid.

8. <u>Court Approval</u>.

The Parties agree to submit to the Court a joint motion to approve this Agreement.

9. <u>No Tax Advice.</u>

Plaintiffs' Counsel and Defendants' Counsel do not intend this Agreement to constitute legal advice relating to the tax liability of any of Plaintiffs. To the extent that this Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

10. <u>Binding on Successors and Assigns.</u>

This Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendants, and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

11. <u>Counterparts.</u>

This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

12. <u>Cooperation and Drafting.</u>

The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

13. <u>Representations by Plaintiffs.</u>

Plaintiffs warrant and represent as follows:

(a)  Plaintiffs have read this Agreement and Release and agree to the conditions and obligations set forth in it;

(b)  Plaintiffs voluntarily execute this Agreement and Release after having been advised to consult with legal counsel and after having had opportunity to consult with legal counsel and without being pressured or influenced by any statement or representation or omission (other than those expressly contained herein) of any person acting on behalf of any party, including the officers, agents and attorneys for any party; and

14. <u>Governing Law.</u>

All terms of this Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New Jersey and the United States of America, where applicable.

15. <u>Jurisdiction of the Court</u>.

The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

PLEASE READ CAREFULLY.
THIS AGREEMENT AND GENERAL RELEASE CONTAINS
A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, the Parties have executed this Agreement as of the date first above written.

| WITNESS | SPA RESTAURANT A & T KONTOGIANNIS CORP. D/B/A SPA RESTAURANT |
|---|---|
| *Diane Goldshall* <br> Name: DIANE Goldsholl | By: *[signature]* 11-8-17 <br> Taxiarhis Kontogiannis o/b/o Spa Restaurant |

| WITNESS | TAXIARHIS KONTOGIANNIS |
|---|---|
| *Diane Goldshall* <br> Name: DIANE Goldsholl | By: *[signature]* 11-8-17 <br> Taxiarhis Kontogiannis |

| WITNESS | ATHINA KONTOGIANNIS |
|---|---|
| *Diane Goldshall* <br> Name: DIANE Goldsholl | By: *[signature]* 11-8/17 <br> Athina Kontogiannis |

| WITNESS | CLEMENTE LOPEZ |
|---|---|
| _____ <br> Name: | By: _____ <br> Clemente Lopez |

{00524719.DOC }   Page 7 of 9

PLEASE READ CAREFULLY.
THIS AGREEMENT AND GENERAL RELEASE CONTAINS
A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, the Parties have executed this Agreement as of the date first above written.

| WITNESS | SPA RESTAURANT A & T KONTOGIANNIS CORP. D/B/A SPA RESTAURANT |
|---|---|
| _____ Name: | By:_____ Taxiarhis Kontogiannis o/b/o Spa Restaurant |

| WITNESS | TAXIARHIS KONTOGIANNIS |
|---|---|
| _____ Name: | By:_____ Taxiarhis Kontogiannis |

| WITNESS | ATHINA KONTOGIANNIS |
|---|---|
| _____ Name: | By:_____ Athina Kontogiannis |

| WITNESS | CLEMENTE LOPEZ |
|---|---|
| [signature] Name: ~~MICHAEL FAILLACE~~ NOTARY PUBLIC-STATE OF NEW YORK No. 02FA6120964 Qualified in New York County My Commission Expires January 03, 2021 | By: *Clemente Lopez* [signature] Clemente Lopez |

{00519224.DOC } Page 7 of 10

| WITNESS | FEDERICO MORAN |
|---|---|
| Name: _[signature]_ <br> MARIA J CEDENO CASSINELLI <br> Notary Public, State of New York <br> Registration #01CE6332862 <br> Qualified In Nassau County <br> Commission Expires Nov. 9, 2019 | By: _[signature]_ <br> Federico Moran |

| WITNESS | JUVENAL CARLOS GONZALEZ MORAN |
|---|---|
| Name: _[signature]_ <br> MARIA J CEDENO CASSINELLI <br> Notary Public, State of New York <br> Registration #01CE6332862 <br> Qualified In Nassau County <br> Commission Expires Nov. 9, 2019 | By: _[signature]_ <br> Juvenal Carlos Gonzalez Moran |

| WITNESS | TEODULO GONZALEZ |
|---|---|
| Name: _[signature]_ <br> MARIA J CEDENO CASSINELLI <br> Notary Public, State of New York <br> Registration #01CE6332862 <br> Qualified In Nassau County <br> Commission Expires Nov. 9, 2019 | By: _[signature]_ <br> Teodulo Gonzalez |

**FLORIO PERRUCCI STEINHARDT & FADER LLC**
Ravinder S. Bhalla, Esq.
J. Andrew Kinsey, Esq.
Michael I. Goldman, Esq.
218 Route 17 North, Suite 410
Rochelle Park, New Jersey 07662
*Attorneys for Defendants, Spa Restaurant A & T Kontogiannis Corp., Taxiarhis Kontogiannis, and Athina Kontogiannis*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEMENTE LOPEZ, FEDERICO MORAN, JUVENAL CARLOS GONZALEZ MORAN, and TEODULO GONZALEZ, *individually and on behalf of others similarly situated*<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　-vs-<br><br>SPA RESTAURANT A & T KONTOGIANNIS CORP., (d/b/a SPA RESTAURANT), TAXIARHIS KONTOGIANNIS, and ATHINA KONTOGIANNIS,<br>　　　　　　　　　　Defendants. | Civil Action No. 2:17-CV-01219-MDA-LDW<br><br>CIVIL ACTION |

　　　　The above entitled action, having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that the same be and hereby is dismissed with prejudice, and with all parties bearing their own legal fees and costs.

| | |
|---|---|
| MICHAEL FAILLACE & ASSOCIATES, P.C.<br>Attorneys for Plaintiffs | FLORIO PERRUCCI STEINHARDT & FADER, L.L.C.<br>Attorneys for Defendants |
| By: _____<br>　　　Sara Isaacson, Esq. | By: _____<br>　　　Michael I. Goldman, Esq. |
| Date: | Date: |